UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-582-MOC
(3:12-cr-357-MOC-1)

| | | |
|---|---|---|
| CEDARIAN GRIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

I.     BACKGROUND

Petitioner pled guilty in the underlying criminal case to a single count of possession of a firearm by a felon. (3:12-cr-357, Doc. No. 24, 25). The Court sentenced him to 120 months' imprisonment on July 1, 2014, after finding he is not subject to the Armed Career Criminal Act ("ACCA") and its mandatory 180-month sentence. However, on July 9, 2014, the Court struck the July 1, 2014, sentence on its own motion and set the case for resentencing. (3:12-cr-357, Doc. No. 37). On August 13, 2014, the Court sentenced Petitioner to 180 months under ACCA. (3:12-cr-357, Doc. No. 41). Petitioner appealed, arguing that the Court lacked jurisdiction to resentence him. The United States agreed and the parties filed a joint motion to remand for resentencing which the Fourth Circuit granted, case number 14-4837.

On remand, the Court sentenced Petitioner to 120 months' imprisonment. (3:12-cr-357, Doc. No. 71). Defense counsel filed a memorandum brief on the resentencing appeal and Petitioner presented arguments on his own behalf. The United States moved to dismiss the appeal because it

1

was barred by the appellate waiver contained in his plea agreement. The Fourth Circuit agreed and dismissed the appeal on May 26, 2016, case number 15-4438. (3:12-cr-357, Doc. No. 83). Petitioner filed a letter in the Fourth Circuit inquiring about filing a certiorari petition on June 28, 2016, and, on July 5, the Fourth circuit returned the pleading to Petitioner along with instructions to file a certiorari petition directly with the United States Supreme Court.

Petitioner filed the instant § 2255 Motion to Vacate on September 27, 2017. (Doc. No. 1). He argues that counsel was ineffective for: (1) failing to object to the calculation of his criminal history points; and (2) failing to object to the calculation of his base offense level. In support of timeliness, he states: "My sentence became final after I was denied on my petition for writ of certiorari on Oct. 2016." (Doc. No. 1 at 10).

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A federal judgment becomes final "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (quoting Clay v. United States, 537 U.S. 522, 532 (2003)).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 560 U.S 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

In January 2002, the Fourth Circuit held in Hill, 277 F.3d 701, that a federal habeas court had discretion to *sua sponte* dismiss a habeas petition for untimeliness but, before doing so, it was required to give notice to a petitioner that a petition would be dismissed absent an explanation. Id. at 706. However, the current § 2255 form contains a section, question 18, that requires the petitioner to explain why the one-year statute of limitations in 28 U.S.C. § 2255 does not bar the motion. This language gives a petitioner "every opportunity to which he is entitled in this regard, and no further warning is required." Smith v. United States, 2013 WL 2480653 at *2 (W.D.N.C. June 10, 2013); but see Bilal v. North Carolina, 287 Fed. Appx. 241 (4th Cir. 2008) (*sua sponte*

3

dismissal of a § 2254 petition was premature where petitioner's response to the form's limitations question, "N/A," demonstrated that petitioner was confused about his petitioner's timeliness).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner's judgment became final on August 24, 2016, when the time expired for filing a certiorari petition following his resentencing appeal. See Clay v. United States, 537 U.S. 522, 532 (2003); Supreme Court Rule 13(1) (90 days to file a petition for writ of certiorari after entry of the judgment). Therefore, the time to file a timely § 2255 petition with regards to the new sentence expired on August 24, 2017. Petitioner filed the instant § 2255 Motion to Vacate on September 27, 2017, more than a month after the one-year statute of limitations expired.

Petitioner has submitted the instant § 2255 Motion to Vacate on the standard form which cautions him that he must explain why the one-year statute of limitations does not bar his petition. (Doc. No. 1 at 10). Petitioner argues that his petition is timely because he filed a certiorari petition after the Fourth Circuit dismissed his resentencing appeal on May 26, 2016. The Fourth Circuit's electronic docket sheet reveals that Petitioner filed a letter inquiring about filing a certiorari petition on June 28, 2016, but that the Court returned the pleading to him on July 5, with instructions to file a certiorari petition directly with the United States Supreme Court. The United States Supreme Court's electronic records reveal that no such petition was ever filed.

4

Petitioner filed the instant petition late, no exception applies, and therefore, the § 2255 Motion to Vacate is time-barred. See, e.g., Villareal v. United States, 2017 WL 779946 (W.D.N.C. Feb. 27, 2017) (dismissing § 2255 petition *sua sponte* where petitioner addressed the statute of limitations thoroughly in his petition and expressed no confusion over the timeliness issue); Evans v. United States, 2010 WL 2131180 (W.D.N.C. May 25, 2010) (dismissing § 2255 petition *sua sponte* where the form instructed petitioner to address limitations and he did so, albeit unsuccessfully; distinguishing Hill, 277 F.3d at 706, and Bilal, 287 Fed. Appx. at 241).

### IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 Motion to Vacate with prejudice as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 8, 2018



Max O. Cogburn Jr
United States District Judge